Case 1:21-cv-20873-BB   Document 1   Entered on FLSD Docket 03/04/2021   Page 1 of 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

KRISTIN KADLAC,

    Plaintiff,

v.

TRUEACCORD CORP. and LVNV
FUNDING, LLC,

    Defendants.
_____/

CASE NO.: 21-cv-20873

**JURY TRIAL DEMAND**

## COMPLAINT

KRISTIN KADLAC ("Plaintiff"), through undersigned counsel, brings this *Complaint* against TRUEACCORD CORP. ("True Accord") and LVNV FUNDING, LLC ("LVNV Funding") (collectively, "Defendants") and states as follows:

1. Plaintiff alleges that Defendants, individually and jointly, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, *et. seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k and supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391 given that Defendants made contact and attempted to collect a debt from Plaintiff who was known to be a consumer and resident in Miami-Dade County, Florida.

4. Specifically, Defendants undertook a course of action through emails and telephone calls to collect a consumer debt from Plaintiff who was known to live in Miami-Dade County, Florida.

## PARTIES

5. Plaintiff, Kristin Kadlac, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida and is a protected consumer under the FDCPA and FCCPA.

6. Defendant, True Accord, is a collection agency that specializes in collecting unpaid consumer debt on behalf of others, including LVNV Funding, and its principal place of business is located in Lenexa, Kansas.

7. As such, True Accord is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and F.S. § 559.55(7) in that the principal purpose of True Accord's business is to collect unpaid consumer debt, and True Accord regularly collects or attempts to collect debts owed to another, including but not limited to, LVNV Funding.

8. True Accord uses "any instrumentality of interstate commerce or the mails" in furtherance of its business practices.

9. Defendant, LVNV Funding, is a debt buyer that purchases "charged off" consumer credit card debt at a discount, and its principal place of business in Las Vegas, Nevada.

10. In addition, LVNV Funding sues thousands of consumers in the State of Florida and the United States to collect on these accounts that it purchases from other creditors.

11. As such, LVNV Funding is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and F.S. § 559.55(7) in that the principal purpose of LVNV Funding's business is to collect unpaid consumer debt.

12. LVNV Funding uses "any instrumentality of interstate commerce or the mails" in furtherance of its business practices.

13. At some point, LVNV Funding hired True Accord to collect its unpaid consumer debt, including Plaintiff's account, and LVNV Funding transferred its files to True Accord.

14. As such, for all relevant times, LVNV Funding is vicariously liable for all of the actions of (1) True Accord, (2) True Accord's owners, agents, employees, independent contractors, and servants, and (3) LVNV Funding's owners, agents, employees, attorneys, independent contractors, and servants.

15. In addition, True Accord is vicariously liable for all of the actions of its owners, agents, employees, attorneys, independent contractors, and servants.

**FACTUAL ALLEGATIONS**

16. Defendants, individually and jointly, engaged in a pattern of conduct that was, among other things, abusive and deceptive in violation of the FDCPA and FCCPA to collect a consumer debt against Plaintiff.

17. Upon information and belief, LVNV Funding is the owner of at least one credit card account in which Kristin Kadlac became delinquent after using that account for her own personal, family and household purposes.

18. After LVNV Funding purchased the account from the original credit card issuer, at some point, it hired True Accord to collect the debt from Plaintiff.

19. On March 18, 2020, True Accord, acting on behalf of LVNV Funding, sent an email from Eric@notify.trueaccord.com to Plaintiff, requesting that she "set up a payment arrangement." **See Exhibit A**

20. On March 24, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Eric@trueaccord.com to Plaintiff, again, requesting that she pay her alleged debt. **See Exhibit B.**

21. On April 1, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Eric@hello.trueaccord.com to Plaintiff, again, requesting that she pay her alleged debt. **See Exhibit C.**

22. On May 1, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Eric@email.trueaccord.com to Plaintiff, again, requesting that she pay her alleged debt. **See Exhibit D.**

23. On May 4, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Eric@email.trueaccord.com to Plaintiff, again, requesting that she pay her alleged debt. **See Exhibit E.**

24. In response, on May 5, 2020, undersigned counsel for Plaintiff sent an email to True Accord who was acting as an agent for LVNV Funding at Eric@email.trueaccord.com, and that email stated, "Please cease communications with Ms. Kadlac. I am acting as her attorney in this matter. You do not have consent to speak with her about this debt or any other debt in which you may be attempting to collect from her." **See Exhibit F.**

25. In response to that email, Plaintiff's lawyer received a confirmation email, demonstrating that True Accord received this message. **See Exhibit G.**

26. Thereafter, True Accord, acting on behalf of LVNV Funding, continued to send emails to Plaintiff and ignored the instruction that Plaintiff was not be contacted given that she was represented by an attorney.

27. On May 8, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Eric@email.trueaccord.com to Plaintiff, and wrote, "Let's try again." **See Exhibit H.**

28. On August 10, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Melinda@trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit I.**

29. On August 17, 2020, True Accord, , acting on behalf of LVNV Funding, sent another email from Melinda@trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit J.**

30. On August 25, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Melinda@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit K.**

31. On August 28, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit L.**

32. On September 6, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit M.**

33. On September 17, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit N.**

34. On September 23, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit O.**

35. On October 6, 2020, LVNV Funding hired a law firm to collect a debt from Plaintiff, and this letter was sent to Plaintiff directly as opposed to Plaintiff's attorney. This letter should

not have been sent to Plaintiff from the law firm, because LVNV Funding knew that she was represented by an attorney, **See Exhibit P.**

36. On October 11, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Melinda@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit Q.**

37. On October 29, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit R.**

38. On November 3, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit S.**

39. On November 9, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit T.**

40. On November 14, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit U.**

41. On November 16, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Melinda@trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit V.**

42. On November 21, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Melinda@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit W.**

43. On November 23, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit X.**

44. On November 28, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit Y.**

45. On November 30, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit Z.**

46. On December 2, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Melinda@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit AA.**

47. On December 29, 2020, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit BB.**

48. On January 4, 2021, True Accord, acting on behalf of LVNV Funding, sent another email from Melinda@notify.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit CC.**

49. On February 1, 2021, True Accord, acting on behalf of LVNV Funding, sent another email from Peter@email.trueaccord.com, and attempted to collect a debt on behalf of LVNV Funding. **See Exhibit DD.**

50. All of these emails were sent directly to Plaintiff's email address, and they were not directed towards her attorney despite the instruction that Plaintiff should not be contacted.

51. Upon information and belief, these emails are signed off with real human names, but they are written and sent out by a computer or "robo-emails."

52. Nevertheless, these emails are written in such a manner that a consumer would believe a real person is writing and sending out these emails, but that would not be true.

53. On True Accord's own website, *see* https://www.trueaccord.com/how-we-talk-to-our-customers, True Accord states: "To assist our team in reaching our customers efficiently and consistently, we sometimes use **automation software** to schedule and send messages with **virtual sender names**. These messages have all been written and reviewed by a TrueAccord team member and sent automatically by our software. These virtual sender names are grouped and referred to as our 'Automated Staff.'" (emphasis added).

54. Accordingly, the emails that were sent to Plaintiff from "Eric Lee," "Melinda Brewer," and "Peter Martin" are confirmed to be fake names and fake people.

55. Although this information is posted on True Accord's website, it is not posted on their emails to consumers, and it would be impossible for a consumer to know this without visiting True Accord's website.

56. There is no information in True Accord's email that instructs a consumer to visit their website to access this information, and Defendants engage in these practices, because, among other things, it is more likely that a consumer will respond to a "real person."

57. True Accord, on behalf of LVNV Funding, engaged in conduct that was false, deceptive, misleading, and harassing against Plaintiff in violation of the FDCPA and FCCPA.

58. Moreover, True Accord's failure to "screen" or monitor their emails to stop communications with consumers who are represented by attorneys demonstrates malicious intent to violate the FDCPA and FCCPA, is inexcusable and wholly without excuse, constitutes egregious misconduct, and evidences a systematic wrongdoing against the public and consumers in general.

59. As a proximate result of Defendant's actions and violations of the FDCPA and FCCPA, Plaintiff has suffered emotional injuries, including but not limited to, monetary loss, attorney's fees, fear, anxiety, nervousness, loss of sleep, and other non-economic damages.

## COUNT ONE
## CONTACTING A CONSUMER REPRESENTED BY COUNSEL
## IN VIOLATION OF 15 U.S.C. § 1692c(a)(2)
[against both Defendants]

60. Plaintiff fully incorporates and re-alleges Paragraphs 1 through 59.

61. True Accord, acting on behalf of LVNV Funding, and LVNV Funding and its attorneys were responsible for communicating directly with Plaintiff on numerous occasions when it knew that Plaintiff was represented by counsel in violation of 15 U.S.C. 1692c(a)(2).

62. As a direct and proximate result of the foregoing, Plaintiff suffered emotional distress, and she is entitled to an award of statutory damages, actual damages, and emotional damages against both True and LVNV Funding who is vicariously liable for True Accord's actions.

**WHEREFORE**, Plaintiff demands against True Accord and LVNV Funding, jointly and severally:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

## COUNT TWO
## FALSE REPRESENTATION TO COLLECT A DEBT
## IN VIOLATION OF 15 U.S.C. § 1692e, e(10)
[against both Defendants]

63. Plaintiff fully incorporates and re-alleges Paragraphs 1 through 59.

64. According to 15 U.S.C. § 1692e, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

65. Further, Congress created a non-exhaustive list of prohibited practices, including but not limited to 15 U.S.C. § 1692e(10), which prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

66. True Accord, on behalf of LVNV Funding, used false, deceptive, and misleading representations by sending emails with fake names, which gave Plaintiff the false impression that she was being contacted by a real person who reviewed her account, but this was not true given that True Accord relies on robots to send emails.

67. This tactic creates the false impression from the "least sophisticated" consumer that a real person is reviewing her account and attempting to contact her, but this was false and untrue.

68. For instance, believing that an automated message is being sent from a real person as compared to a robot creates a much higher expectation of urgency, fear, and anxiousness.

69. As a direct and proximate result of the foregoing, Plaintiff is entitled to an award of statutory damages, actual damages, and emotional damages against Defendants.

**WHEREFORE**, Plaintiff demands against True Accord and LVNV Funding, jointly and severally:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

## COUNT THREE
## HARASSMENT AND ABUSIVE CONDUCT IN AN EFFORT TO COLLECT DEBT IN VIOLATION OF 15 U.S.C. § 1692d
[against both Defendants]

70. Plaintiff fully incorporates and re-alleges Paragraphs 1 through 59.

71. Pursuant to 15 U.S.C. § 1692d, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

72. By sending the numerous messages to Plaintiff over such a prolonged period of time, and by ignoring the request to cease email communications directly to Plaintiff, True Accord and LVNV Funding violated 15 U.S.C. § 1692d and engaged in conduct that was meant to harass, oppress, and abuse Plaintiff to collect a debt.

73. In addition, Defendants' course of conduct of sending robo-emails to Plaintiff, but having those emails appear to be from real people, constitutes harassment given that, among other things, the emails served no purpose other than to harass, oppress, or abuse Plaintiff until she paid her alleged debt.

74. As a direct and proximate result of the foregoing, Plaintiff is entitled to an award of statutory damages, actual damages, and emotional damages against Defendants.

**WHEREFORE**, Plaintiff demands against True Accord and LVNV Funding, jointly and severally:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

## COUNT FOUR
## CONTACTING A CONSUMER REPRESENTED BY COUNSEL
## IN VIOLATION OF F.S. § 559.72(18)
[against both Defendants]

75. Plaintiff fully incorporates and re-alleges Paragraphs 1 through 59.

76. Pursuant to F.S. § 559.72(18), it is illegal to "[c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address[.]"

77. True Accord, acting on behalf of LVNV Funding, and LVNV Funding and its attorneys were responsible for communicating directly with Plaintiff on numerous occasions when it knew that Plaintiff was represented by counsel in violation of F.S. § 559.72(18), and no applicable exception applied to these communications.

78. As a direct and proximate result of the foregoing, Plaintiff suffered emotional distress, and she is entitled to an award of statutory damages, actual damages, emotional damages, and punitive damages against Defendants.

**WHEREFORE**, Plaintiff demands against True Accord and LVNV Funding, jointly and severally:

(a) Actual, Emotional, Statutory Damages, and Punitive Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

## JURY DEMAND

79. Plaintiff demands a trial by jury on all issues so triable.

## **RELIEF**

WHEREFORE, Plaintiff demands judgment against True Accord and LVNV Funding, jointly and severally, on all causes of action for:

(a) Actual, Emotional, Statutory Damages, and Punitive Damages.

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.


Dated: March 4, 2021                                             Respectfully Submitted,

                                                                           */s/ Michael C. Lutfy*
                                                                           Michael C. Lutfy
                                                                           Fla Bar. No. 126339
                                                                           Lutfy Law Offices
                                                                           80 Southwest 8th Street, Suite 2000
                                                                           Miami, Florida 33130
                                                                           Tel.: (305) 812-2351
                                                                           Lutfy.Michael@gmail.com